NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SPIELBERG MFG. CO., Respondent.

No. 81–1860.

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1982.

Decided March 24, 1982.

---

McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, D. Michael Linihan, Ralph E. Kennedy, St. Louis, Mo., Ronald L. Cupples, Clayton, Mo., for respondent.

William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Spielberg Manufacturing Company (the Company), discharged clerical employee Carlotta Ducote on or about July 21, 1980, and cited her frequent absenteeism and tardiness as the reason. Alleging that the Company had discharged her because of her union activities, Ducote charged the Company with unfair labor practices under sections 8(a)(3) and (a)(1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and 158(a)(3) (the Act). The NLRB agreed with an administrative law judge's determination that the Company had violated sections 8(a)(3) and (a)(1) of the Act by discharging an employee in order to discour-age membership in or support of a union.[1] The Board issued the usual cease and desist, and reinstatement order against the Company. The Board petitions for enforcement of its order against the resistance of the Employer. We grant enforcement.

The record discloses that Ducote had been a key organizer in a campaign to organize the Union slightly less than a year prior to her discharge. On August 17, 1979, the Union lost the election, however, and Ducote thereafter ceased her activity on behalf of the Union.

In January of 1980, the Company named Harold Jennings as its comptroller. The Company asked Jennings to make an effort to cure the problems of absenteeism and tardiness among its employees. Jennings issued warnings and had meetings with a number of employees, including Ducote, regarding their attendance. Jennings also accused Ducote of creating morale problems among the employees by complaining about Company practices. Although Ducote denied Jennings' charges, Jennings told her that he would "build a case on absenteeism" and discharge her unless her attitude improved.

Ducote subsequently complained to the Company's vice president about this exchange with Jennings. She advised the vice president that the employees were upset with Jennings, and the Company would have the same thing they had a year ago with the Union unless it did something about Jennings.

Two days later, Jennings called Ducote at home and advised her that she was being fired because of absenteeism and tardiness. Ducote then called her supervisor, who told her that she had been fired for union activities.

In opposing the application for enforcement, the Company denies any connection between Ducote's discharge and her union activities, which had occurred almost a year earlier. The Company also challenges the Board's inference of antiunion animus from

---

1. The Board's decision is reported at 256 NLRB No. 137.

a statement allegedly made[2] by a low-level supervisor who had no authority to hire or fire employees, and who did not participate in the management-level discussion relating to Ducote's discharge. The Company relies on *Cramco, Inc. v. NLRB*, 399 F.2d 1 (5th Cir. 1968), to support its contention that the evidence in this case does not establish the requisite nexus between Ducote's union activity and her discharge.

We believe *Cramco* is factually distinguishable from the case before this court. There, the court concluded that the employer had overcome the NLRB's *prima facie* case of retaliatory discharge with "evidence of a general decline in business, the undisputed fact that Jones was the lowest employee on the seniority scale, and the credible argument that Jones was not reinstated because he voluntarily resigned." *Cramco, Inc. v. NLRB, supra*, 399 F.2d at 4.

Although the case is a close one, we find substantial evidence in the record to support the Board's determination that Spielberg Manufacturing Co. violated sections 8(a)(3) and (a)(1) of the Act in discharging Carlotta Ducote. The Company's alleged reason could be considered pretextual in light of the entire record. Ducote had been a strong union advocate. Shortly before the discharge, this employee indicated that employee dissatisfaction with Jennings might again generate a renewed effort to organize the clerical employees. After the Union lost the first election, the Company management had expressed its intention to resist any further union activity. Although not directly connected to the discharge decision, the statement by Ducote's supervisor that the Company fired Ducote because of her union activities is entitled to some consideration.

Another factfinder might have arrived at a different conclusion than the one reached in this case. In our review function, however, we cannot say that the Board's decision lacks substantial support in the record.

Accordingly, we enforce the Board's order.

---

**2.** Ducote testified that her supervisor gave this explanation for her discharge. The supervisor, however, denied making the statement.